**FILED**
4:01 pm, May 09, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DG/DJ:PJC
F. #2021R00525

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ZAKARY BASTA and
SHIBU MATHEW,

            Defendants.

- - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. 1:22-cr-00219(DLI)(JRC)

(T. 18, U.S.C., §§ 982(a)(1),
982(a)(7), 982(b)(1), 1347, 1349,
1957(a), 1957(b), 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Background

    A.    The Medicare Program

        1.    The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.    Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare.

        3.    Medicare beneficiaries obtained Part D benefits in two ways: (a) by joining a Prescription Drug Plan, which covered only prescription drugs; or (b) by joining a

Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "Part D Plans"). These Part D Plans were operated by private companies approved by Medicare and were often referred to as drug plan "sponsors."

4.  Medicare and Medicare drug plan sponsors were "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

5.  CMS assigned pharmacies a national provider identification number ("NPI"). A pharmacy dispensing medications to a beneficiary used its assigned NPI when submitting a claim for reimbursement under Medicare Part D. A pharmacy was permitted to submit claims for reimbursement under Medicare Part D only for medications actually dispensed and was required to maintain records verifying that it dispensed the medications.

6.  A pharmacy could participate in the Medicare Part D program by entering into a retail network agreement: (a) directly with a Part D Plan; (b) with one or more Pharmacy Benefit Managers ("PBMs"); or (c) with a Pharmacy Services Administration Organization ("PSAO"). A PBM acted on behalf of one or more Part D Plans. Through a Part D Plan's PBM, a pharmacy could join a Part D Plan network. A PSAO contracted with PBMs on behalf of the pharmacy.

7.  Typically, a Medicare beneficiary enrolled in a Part D Plan obtained prescription medications from a pharmacy authorized by the beneficiary's Part D Plan. After filling a beneficiary's prescription, the authorized pharmacy submitted the claim either directly to a Part D Plan or to a PBM that represented the Part D Plan. The pharmacy provided the beneficiary's identification number as well as the pharmacy's NPI with the claim. The Part D Plan or the PBM determined whether the pharmacy was entitled to payment for each claim.

Then, the Part D Plan or PBM, either directly or through a PSAO, reimbursed the pharmacy for the claim.

    B.    The Defendants and Relevant Entities

    8.    The defendant ZAKARY BASTA was a pharmacist who was licensed by the State of New York, resided in Valley Stream, New York and was employed as a pharmacist at City Rx Inc. d/b/a City Rx Pharmacy ("City Rx"). BASTA maintained a personal checking account ending in 6159 at Financial Institution 1 ("Basta Account x6159"), an entity the identity of which is known to the Grand Jury.

    9.    The defendant SHIBU MATHEW was a resident of New Hyde Park, New York. MATHEW co-owned City Rx. MATHEW, together with a relative, maintained a personal checking account ending in 1369 at Financial Institution 1 ("Mathew Account x1369").

    10.    City Rx, which operated as a pharmacy, was a New York corporation located at 95-25 Queens Boulevard, Rego Park, New York. City Rx maintained a business checking account ending in 1049 at Financial Institution 2 ("City Rx Account x1049"), an entity the identity of which is known to the Grand Jury.

II.    The Health Care Fraud Scheme

    11.    From approximately March 2020 to approximately September 2020, the defendants ZAKARY BASTA and SHIBU MATHEW, together with others, submitted and caused the submission of claims for reimbursement to Medicare and Medicare drug plan sponsors, often through PBMs, for prescription medications purportedly dispensed by City Rx to beneficiaries (the "Claims"), which were, in fact, never dispensed to the Medicare beneficiaries.

    12.    Among other things, the defendants ZAKARY BASTA and SHIBU MATHEW, through City Rx, submitted the Claims in volumes that far exceeded the amount of

3

prescription medications City Rx obtained from wholesale distributors that provided it with pharmaceutical products.

13. From approximately March 2020 to approximately September 2020, City Rx received approximately $2.3 million in reimbursement for Claims from Medicare and Medicare drug plan sponsors, often through PBMs.

14. Upon receiving reimbursement from Medicare and Medicare drug plan sponsors for the Claims, the defendants ZAKARY BASTA and SHIBU MATHEW transferred these funds through City Rx Account x1049 to themselves for the benefit of themselves and their families and made purchases that exceeded $10,000.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

15. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16. In or about and between March 2020 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZAKARY BASTA and SHIBU MATHEW, together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud Medicare and Medicare drug plan sponsors, which were health care benefit programs, as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicare drug plan sponsors, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

4

## COUNTS TWO THROUGH FOUR
(Health Care Fraud)

17. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between March 2020 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ZAKARY BASTA and SHIBU MATHEW, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicare and Medicare drug plan sponsors, which were health care benefit programs, as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicare drug plan sponsors, in connection with the delivery of and payment for health care benefits, items and services.

19. On or about the dates specified below, within the Eastern District of New York and elsewhere, the defendants ZAKARY BASTA and SHIBU MATHEW, together with others, submitted and caused to be submitted the following false and fraudulent claims to Medicare, in an attempt to execute, and in execution of the scheme described above:

| Count | Medicare Beneficiary | Medication | Approximate Date of Claim | Approximate Amount Paid by Medicare |
|---|---|---|---|---|
| TWO | Individual-1, an individual whose identity is known to the Grand Jury | Zenpep | April 13, 2020 | $1,553.99 |
| THREE | Individual-2, and individual whose identity is known to the Grand Jury | Zenpep | July 3, 2020 | $15,676.23 |

| Count | Medicare Beneficiary | Medication | Approximate Date of Claim | Approximate Amount Paid by Medicare |
|---|---|---|---|---|
| FOUR | Individual-3, an individual whose identity is known to the Grand Jury | Zenpep | August 7, 2020 | $11,704.51 |

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNTS FIVE THROUGH EIGHT
(Engaging in Unlawful Monetary Transactions)

20. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about the dates listed below, within the Eastern District of New York and elsewhere, the defendants set forth below, together with others, did knowingly and intentionally engage in one or more monetary transactions, to wit: the transactions set forth below, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: health care fraud, in violation of Title 18, United States Code, Section 1347, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity:

| Count | Defendant | Approximate Date of Transaction | Description of Transaction |
|---|---|---|---|
| FIVE | MATHEW | June 2, 2020 | MATHEW caused the issuance of a check in the amount of approximately $400,000, payable to his wife from City Rx Account x1049 in furtherance of the satisfaction of a mortgage on the real property located at 19 Tulip Lane, New Hyde Park, New York 11040. |

6

| Count | Defendant | Approximate Date of Transaction | Description of Transaction |
|---|---|---|---|
| SIX | MATHEW | June 18, 2020 | MATHEW caused a wire transfer in the amount of approximately $62,914.04 from City Rx Account x1049 to a Jeep dealership in furtherance of the purchase of a 2020 Jeep Gladiator. |
| SEVEN | MATHEW | July 17, 2020 | MATHEW caused the transfer of $500,000 from City Rx Account x1049 to Mathew Account x1369, $469,170.98 of which was used in furtherance of the purchase of the real property located at 18 Ace Lane, East Stroudsburg, Pennsylvania 18360. |
| EIGHT | BASTA | October 19, 2020 | BASTA purchased and caused the purchase of a cashier's check in the amount of approximately $35,506.12 from Basta Account x6159, payable to "Queensboro Toyota" in furtherance of the purchase of a 2020 Toyota Highlander. |

(Title 18, United States Code, Sections 1957(a), 1957(b), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH FOUR

22. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offenses, including but not limited to, (a) the real property and premises located at 19 Tulip Lane, New Hyde Park, New York 11040, and all proceeds traceable thereto; and (b) the

real property and premises located at 18 Ace Lane, East Stroudsburg, Pennsylvania 18360, and all proceeds traceable thereto.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE THROUGH EIGHT

24. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts Five through Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to, (a) the real property and premises located at 19 Tulip Lane, New Hyde Park, New York 11040, and all

8

proceeds traceable thereto; and (b) the real property and premises located at 18 Ace Lane, East Stroudsburg, Pennsylvania 18360, and all proceeds traceable thereto.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F. #2021R00525

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ZAKARY BASTA and SHIBU MATHEW,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(a)(7), 982(b)(1), 1347, 1349, 1957(a), 1957(b), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____  *Deighton Reid*
                                                                                    Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
                                                                                    Clerk

Bail, $ _____

*Patrick J. Campbell, DOJ Trial Attorney, (718) 254-6366*